Eastern District of Kentucky
**F I L E D**
SEP 0 4 2013
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 13-CR-49-KSF

UNITED STATES OF AMERICA                               PLAINTIFF

v.                         **OPINION & ORDER**

MARCOS REYES-GOMEZ                              DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the Recommended Disposition issued by Magistrate Judge Robert E. Wier on August 12, 2013 [DE #27] recommending that the defendant's motion to suppress be denied. No objections having been filed, and the time for so filing having expired, this matter is now ripe for review.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This criminal action arises out of a traffic stop which occurred in Scott County on March 26, 2013. The following facts are largely undisputed. On that date, Kentucky State Police Trooper Jeremy Devasher allegedly observed the defendant, Marcos Reyes-Gomez ("Reyes"), operating a Cadillac Escalade without a seatbelt. Trooper Devasher conducted a traffic stop. Upon stopping and approaching the vehicle, Trooper Devasher visually confirmed that Reyes was not wearing a seat belt. When requested, Reyes provided proof of registration, insurance, and an international driver's license document.

Because he considered the international driver's license invalid and thus needed to investigate and confirm Reyes' identity, Trooper Devasher asked Reyes to exit his vehicle. After patting Reyes down and finding no weapons, he asked Reyes to stand outside on the passenger side of the vehicle

while he returned to the police cruiser to attempt to confirm Reyes' identity. Although Reyes identified himself as Marco Reyes, with a birthdate of July 29, 1985, Trooper Devasher found an active warrant in the name of "Marco Reyes" with a birthdate of July 29, 1984. At this time, Devasher exited his vehicle to explain to Reyes that he intended to detain him while he confirmed the validity of the warrant. Reyes fled, and a chase ensued.

Reyes was eventually captured and arrested. A search of his person revealed $1,000 in cash and 4 Oxycodone 30 mg tablets in a small, unmarked manila envelope in his wallet. As a result of this discovery, Trooper Devasher requested a canine unit, and Scott County Sheriff Deputy Jeremy Nettles and his dog, Hugo, a German Shepherd, responded. On his second pass around the vehicle, Hugo made a positive alert on the area between the front and back doors on the driver's side of the vehicle. Based on this positive alert, the officers searched the vehicle and found a Tupperware container, wrapped in clear cellophane and overwrapped in a black bag, containing suspected crystal meth. A field test was conducted, and the substance tested positive for methamphetamine.

Reyes was subsequently processed by agents from the Drug Enforcement Agency and a criminal complaint was filed against him [DE #1]. Reyes appeared before this Court on March 27, 2013 pursuant to the criminal complaint [DE # 5]. Thereafter, on April 5, 2013 a federal grand jury indicted Reyes on one count of aggravated methamphetamine trafficking in violation of 21 U.S.C. § 841(a)(1) [DE #6]. On April 12, 2013, he entered a plea of not guilty [DE #10].

Currently pending is Reyes' motion to suppress any and all evidence seized from the vehicle he was driving on March 26, 2013 on the grounds that it was seized in violation of his Fourth and Fifth Amendment rights [DE #17]. The United States responded in opposition to the motion [DE #19], and Reyes has filed a reply [DE #21]. The Court referred this matter to United States

Magistrate Judge Robert E. Wier for disposition under 28 U.S.C. § 636(b) [DE #22]. Magistrate Judge Wier conducted an evidentiary hearing on June 17, 2013, and issued his Recommended Disposition on August 12, 2013 [DE #27], in which he recommends that the motion to suppress be denied.

## II. THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

At the hearing, Magistrate Judge Wier heard testimony from Trooper Devasher, who conducted the traffic stop at issue in this case, as well as Deputy Jeremy Nettles, the handler of Hugo, the search dog who alerted to an area between the front and back doors on the driver's side of the vehicle Reyes was driving. Magistrate Judge Wier's Recommended Disposition thoroughly sets out the evidence presented at the hearing and the parties' arguments.

First, Magistrate Judge Wier found that Trooper Devasher's stop of Reyes' vehicle for failure to wear his seat belt was valid and supported by probable cause. Although Reyes argued that there was no evidence from which Trooper Devasher could determine whether he was wearing his seat belt as he drove past, Magistrate Judge Wier, considering the totality of the circumstances, found that the time of day, the proximity and speed of the vehicles, the minor tinting of the windows, combined with his visual confirmation after stopping the vehicle that Reyes was not wearing a seatbelt, supported a probable cause finding.

Next, Magistrate Judge Wier found that the driving document that Reyes tendered provided Trooper Devasher with a legitimate basis to remove Reyes from the vehicle and extend the traffic stop. As Trooper Devasher explained, the international driving document that Reyes provided was not valid and did not provide legitimate confirmation of Reyes' identity or license status. Moreover, when Trooper Devasher ran the name provided - "Marco Reyes" - it was not a perfect match to his

3

identifiers and yielded an outstanding warrant for an individual with the same name and nearly the same birthdate. As a result, Magistrate Judge Wier determined that it was necessary and appropriate for Trooper Devasher to remove Reyes from the vehicle and extend the traffic stop in order to inquire further into Reyes' identity.

At this point, Reyes fled the scene. Once Reyes was captured, arrested and drugs were found on his person, Trooper Devasher called a canine unit. Deputy Nettles and Hugo responded. After Hugo made a positive alert to the vehicle, the Magistrate Judge found that the officers had probable cause to conduct a warrantless search of Reyes' vehicle pursuant to the automobile exception to the warrant requirement. Under this exception, "an officer may perform a warrantless search of a . . . vehicle should the officer have probable cause to believe the vehicle contains contraband or evidence of criminal activity." *United States v. Lyons*, 687 F.3d 754 (6th Cir. 2012). Magistrate Judge Wier noted that based in part on the discovery of the 4 Oxycodone 30mg pills, Trooper Devasher properly called for the drug dog. Moreover, based on the evidence presented at the hearing, Magistrate Judge Wier concluded that Hugo is a reliable and properly trained drug detection dog. As a result, Hugo's positive alert to the area between the driver's side front door and passenger door established probable cause for the officers to search the vehicle without a warrant.

Moreover, Magistrate Judge Wier found Reyes' argument that too much time elapsed between the initial traffic stop and Deputy Nettles' deployment of Hugo to be without merit. Because Reyes fled, and was subsequently captured and arrested, he was in custody at that point and the traffic stop had thus ended. As a result, Magistrate Judge Wier held that the timing of Hugo's arrival and subsequent deployment had no impact on any constitutional analysis. For all these reasons, Magistrate Judge Wier recommended that the motion to suppress be denied.

## III. ANALYSIS

This Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Here, no objections have been filed. "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). To the extent that Reyes failed to object to any portion of the Magistrate Judge's Recommended Disposition, he has waived the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the entirety of Magistrate Judge Wier's Recommended Disposition. Accordingly, Reyes' motion to suppress will be denied.

## IV. CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** as follows:

(1) the Magistrate Judge's Recommended Disposition [DE #27] is **ADOPTED** as and for the opinion of the Court;

(2) Reyes' motion to suppress [DE #17] is **DENIED**; and

(3) this matter is **SET** for status conference on **Tuesday, September 17, 2013, at 9:30 a.m.**

This 4 day of September, 2013.

Karl S. Forester, Senior Judge